See, also, Reese v. State, 94 Tex. Cr. R. 220, 249 S. W. 857, in which many authorities are collated condemning bills violating the provision quoted.

No error is presented by appellant's fifteenth bill of exception which we did not discuss in our original opinion.

In view of appellant's motion we have again considered the charges given, and the requested charges refused, upon the issue of insanity. We believe the instructions given are in accord with precedents, and that no error was committed in refusing to give those requested.

The motion for rehearing is overruled.

---

## COFFIN v. SCHULZ. (No. 67.)

(Court of Civil Appeals of Texas. Waco. March 27, 1924.)

**1. Action  �köæ68—Overruling motion to stay proceedings held not error.**

Where, in an action for rent under a lease assignable at will, defendant moved to stay the proceedings, alleging as ground therefor that the premises had been sublet by him to P. drug store which had been adjudged bankrupt, and praying for stay until the drug store was discharged and made a party to the action, overruling such motion *held* not error; the drug store not being a party, and defendant not having filed a cross-action against it.

**2. Pleading  �köæ236(3)—Office of trial amendment stated.**

The office of a trial amendment is to supply pleadings occasioned by the trial court having sustained exceptions to pleadings, or to meet the rulings of the trial court with reference to introduction of testimony.

**3. Pleading  �köæ236(4) — Sustaining plaintiff's exception to portions of defendant's self-styled trial amendment held not abuse of discretion.**

The trial court, in sustaining plaintiff's exceptions to certain portions of what defendant styled his trial amendment, *held* not to have abused its discretion under Rev. St. art. 1825, where such pleading was filed after the introduction of testimony had closed, and no showing was made as to the occasion or reason for filing the so-called trial amendment.

**4. Landlord and tenant  �köæ75(3)—Lessor's indorsement of consent to assignment of lease to another not necessary to bind assignee of lessee.**

Where a lease contract itself as originally drawn, authorized the lessee to assign and sublet at will, the lessor's indorsement on the lease, of his consent to the assignment by the lessee to defendant was not necessary to bind defendant under the lease as originally drawn.

**5. Landlord and tenant  �köæ235—Payment shown to have been made to lessor by lessee's assignee held not to make judgment for lessor fundamentally wrong.**

In an action for rent under a lease, in which it appeared that defendant sublet the property to a drug store, adjudged bankrupt, a judgment for plaintiff was not fundamentally wrong merely because the record showed that plaintiff obtained from the trustee in bankruptcy of the drug store a certain amount of money, where defendant did not plead that amount as a payment or credit, and it was not shown that the money received from the trustee was for rent due for the months sued for.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by A. T. Schulz against O. P. Coffin. Judgment for plaintiff, and defendant appeals. Affirmed.

Kennedy & Lyell and Payne & Pressly, all of Groesbeck, for appellant.
Keys & Mason, of Mexia, for appellee.

BARCUS, J. Appellee sued for $750, balance of rent claimed by him to be due by appellant for the months of August and September, 1922. He alleged that in July, 1921, he made a rental contract with J. A. Loteif

and G. F. Eltife, whereby he leased and rented to them a certain building in Mexia for five years for a rental of $600 per month. The lease under its terms providing that the lessee had a right to sell or sublet and assign same at any time, and appellee alleged that said lease had been assigned to and assumed by appellant.

The appellant filed a motion to stay the proceeding, alleging as a ground therefor that the property had been sublet by him to the Palace Drug Store, a corporation, and that the drug store had been adjudged a bankrupt, and asked that the trial be stayed until said drug store was discharged in bankruptcy and made a party to this proceeding. This motion was by the court overruled, to which the appellant excepted. The appellant for answer filed a general demurrer, general denial, and alleged that the Palace Drug Store, incorporated, had taken over the lease and paid the rents; and, further, that the appellant and appellee had made a verbal contract, canceling the one sued on, the new contract embracing all of the terms of the former one except the rental was reduced from $600 to $450 per month, and that the Palace Drug Store had paid the rent due under said last contract. After the introduction of testimony, appellant filed what he terms a trial amendment, which shows, however, to be an amended answer. The trial court sustained exceptions to the major portion of said amended pleading, and appellant assigns error to the court's action. The cause was tried before a jury, which resulted in a verdict being rendered for appellee for the amount sued for. Appellant assigned a number of errors, but in his brief contends:

[1] (1) That the trial court erred in overruling his motion to stay the proceeding until the Palace Drug Store was discharged in bankruptcy. The Palace Drug Store was not a party to the suit. Appellant did not file any cross-action against it, but did allege that said drug company was a bankrupt. There was no error in the court's overruling the motion to stay the proceeding.

[2, 3] (2) That the trial court committed error in sustaining exceptions to certain portions of what he has styled his trial amendment. The record shows it was filed after the introduction of testimony had closed. There are no allegations showing any occasion or reason for a trial amendment being filed. The office of a trial amendment is to supply pleadings occasioned by the trial court having sustained exceptions to pleadings, or to meet the rulings of the trial court with reference to introduction of testimony. We do not think the trial court abused its discretion in sustaining the appellee's exceptions to said pleading. Article 1825, Revised Statutes.

[4] (3) That the contract sued on is unilateral and not binding on him. The contract was made by appellee with J. A. Loteif and G. F. Eltife for a five-year period, and provides in its face that the parties have a right to sublet and assign same at will. The lease was assigned several times, and on September 27, 1921, same was assigned to appellant, and he accepted same in the following language, which was indorsed on the original lease:

"I hereby accept the terms and conditions of the original lease as provided herein, and agree to comply with its terms."

Appellant's contention is that it was necessary for the appellee to indorse on the contract that the assignment to him was satisfactory and acceptable. We cannot agree with this contention. The lease contract itself, as originally drawn, authorized the lessee to assign and sublet same.

[5] (4) That since the record shows appellee obtained from the trustee in bankruptcy of the Palace Drug Store $484, the judgment is fundamentally wrong. Appellant did not plead same as a payment or credit, and it is not shown that the money received from the trustee in bankruptcy was for rent due for either August or September, the months sued for herein.

We have examined all of the assignments of error presented by appellant and do not think any of them show reversible error. It was a question of fact as to the amount of rents due, and as to appellant's liability. The jury has determined these questions against appellant.

The judgment of the trial court is affirmed.